I respectfully dissent from affirming the summary judgment in favor of the general contractor Turner on the claims of Elee Stovall's personal representative in case no. 1021938. The record contains substantial evidence that Turner owed Elee Stovall a duty imposed by § 25-1-1(a), Ala. Code 1975, "to render . . . theplace where [his] employment [was] performed reasonably safe for [him] . . ." (emphasis added) and that Turner breached that duty.
Turner was Elee's employer as defined by § 25-1-1(c)(1), Ala. Code 1975, in that Turner had "control or custody of . . . [Elee's] place of employment" (emphasis added) in that it was the very project, the big model rocket, Turner had contracted to build. The subcontract between Turner and the painting subcontractor Penwal expressly provided that Turner would light this workplace and Penwal would not. While Elee's personal representative did not sue Turner for breach of contract, the contract nonetheless constitutes substantial evidence that Turner did not relinquish custody or control of Elee's workplace to Penwal for the purpose of rendering it reasonably safely lit, and therefore Turner did not delegate or otherwise avoid the duty imposed by § 25-1-1(a) to render the workplace reasonably safely lit. Turner owed this statutory duty to light the place, irrespective of whether or not Turner controlled the work. For these reasons, and for the reasons expressed by Justice Lyons in his special writing, which I join insofar as it addresses case no. 1021938, I respectfully submit that we should reverse the summary judgment in case no. 1021938.
But for one exception, I concur in the main opinion insofar as it reverses the dismissal of Turner's third-party claim against the subcontractor Penwal for indemnity in case no. 1021953. The exception is that, since, in my opinion, Elee's personal representative is entitled to proceed to trial on several of her claims against Turner, Turner is entitled to proceed against Penwal not only for costs of defense, as the main opinion holds, but also for indemnification against any judgment for damages and costs that Elee's personal representative may win by trial.